[Civ. No. 3773. Third Appellate District.—May 21, 1929.]

D. M. SCOTT, Appellant, v. LOS ANGELES WHOLE-
SALERS BOARD OF TRADE, Respondent.

Samuel Spencer Jackson for Appellant.

W. T. Craig and Merrill L. Granger for Respondent.

FINCH, P. The complaint alleges that the plaintiff
and J. A. Platt entered into a partnership under the name
of Bankers' Stationery Company; that the partnership ob-
tained a lease of certain premises for a period of five years
at a rental stated in the complaint; that subsequently they
sublet the premises to M. S. Evans and Helen Campbell at
a higher rental; that thereafter the partnership was dis-
solved by mutual consent; "that upon said dissolution, said
partnership for a valuable consideration duly assigned to
plaintiff herein all of said partnership's right, title and
interest in and to said sublease"; that prior to the dissolu-
tion of the partnership the defendant held for collection
accounts against the partnership amounting to not more than
$900; that the partnership "in order to avoid law suits,"
gave the defendant an order on said sublessees to pay the
rentals as they fell due to the defendant "and pay off the
said $900"; that without the knowledge or consent of "plain-
tiff, and against the wish of plaintiff," the defendant "sold
said order to said M. S. Evans and Helen Campbell for the

sum of $1,600 and appropriated the same'' to its own use. Other appropriate allegations are made. The purpose of the action is to recover the difference between the partnership indebtedness of $900 and the amount which the partnership otherwise would have received from its sublessees.

The answer denies most of the allegations of the complaint. It denies the alleged assignment from the partnership to the plaintiff. No effort was made by the plaintiff to prove the alleged assignment. It appears that this failure of proof was not a mere oversight, because the plaintiff's attention was called thereto by the defendant's motion for a nonsuit on the ground, among others, ''that the evidence wholly fails to show any right in this plaintiff to maintain the action.'' The plaintiff made no request for permission to supply the missing proof. Since the burden was on the plaintiff to prove the assignment, the court properly found against him on that issue.

It is clear from the record that the plaintiff was not suing in behalf of the partners or the partnership, but only in his individual behalf and that, without proof of the assignment to him, he had no standing to maintain the action. As the judgment must be affirmed on the ground stated, it is unnecessary to consider other alleged grounds for reversal.

The judgment is affirmed.

Thompson, J., and Plummer, J., concurred.